IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

ANDREW CHAMBLIN,

     Petitioner,

v.                                  CASE NO. 1:13-cv-25-MP-GRJ

SECRETARY, DEPT.
OF CORRECTIONS,

     Respondent.

_____/

## REPORT AND RECOMMENDATION

Petitioner initiated this case by filing a *pro se* Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1.) Petitioner then filed the instant First Amended Petition for Writ of Habeas Corpus. (ECF No. 12.) Respondent filed her response on November 5, 2015, ECF No. 23, and Petitioner filed a reply on July 14, 2014, ECF No. 32. Upon due consideration of the Amended Petition, Response, Reply, and the state court record, the undersigned recommends that the Petition for habeas corpus relief be denied.[1]

---

[1] Because the Court may resolve the Petition on the basis of the record, the Court has determined that an evidentiary hearing is not warranted. *See* Rule 8, Rules Governing Habeas Corpus Petitions Under Section 2254.

# I. Summary of State Court Proceedings

On December 18, 2006, Plaintiff pled guilty in one case[2] to one count of lewd or lascivious molestation committed on a child 12 years of age or older but under 16 years of age, and to one count of lewd or lascivious conduct, and in another case,[3] Plaintiff pled guilty to two counts of lewd or lascivious molestation committed on a child 12 years of age or older but under 16 years of age. (ECF No. 23-1 at 87–90.) Petitioner was sentenced to two years of sex offender community control with GPS monitoring, followed by eight years of sex offender probation, as well as other conditions. (*Id.* at 99–102.)

On May 16, 2008, an affidavit of violation of probation was filed against Petitioner in case number 2006-CF-4424, for violation of Petitioner's sex offender community control by viewing, owning, or possessing any obscene, pornographic, or sexually stimulating material that was relevant to his deviant behavior patterns. (ECF No. 23-2 at 68.) On June 6, 2008, an affidavit of violation of probation alleging the same violations was also filed against Petitioner in case number 2006-CF-5305.

---

[2] Case number 2006-CF-4424.

[3] Case number 2006-CF-5305.

(*Id.* at 74.) Then on July 28, 2008, an amended affidavit of violation of probation was filed against Petitioner in both cases, which added three additional violations for other materials found within Petitioner's home. (ECF No. 23-3 at 12–13.) After several probation violation hearings, on January 23, 2009, the trial court revoked Petitioner's probation in both cases and sentenced him to 171 months in prison with credit for 24 months served. (*Id.* at 16–19.)

Petitioner filed his notice of appeal to the First District Court of Appeal ("First DCA") on February 16, 2009. (*Id.* at 27.) The First DCA consolidated Petitioner's two cases for appellate purposes and Petitioner filed an amended initial appellate brief on March 29, 2010. (ECF No. 23-9 at 72–149; ECF No. 23-10 at 1–40.) Petitioner raised five issues in his amended initial appellate brief:

> Issue I. Florida law requires that a trial court's written order revoking probation must contain factual findings for the purpose of this court's review. The order revoking Mr. Chamblin's probation is totally devoid of facts. Hence, that order cannot sustain Mr. Chamblin's continued incarceration.
>
> Issue II. Mr. Chamblin's psychotherapist was utilized by the State as their expert witness without obtaining a therapist/patient waiver.
>
> Issue III. Mr. Chamblin did not violate his probation terms because the materials seized from his home were: not

obscene, pornographic or sexually stimulating or were
irrelevant to his offense. The trial court abused its discretion by
misapplying the statute.

Issue IV. Mr. Chamblin was denied due process of law and the
right to confront the state's evidence because the state failed
its duty to timely provide discovery which should have included
"other crimes evidence".

Issue V. Laches prevents the State and Mr. Chamblin's
probation officers from alleging a violation of probation because
no one ever informed him, gave him consistent standards or
descriptions of what would establish a violation.

(ECF No. 23-9 at 137–38.)[4] The First DCA *per curiam* affirmed Petitioner's

judgment without a written opinion on December 6, 2010. (ECF No. 23-10

at 108.) Petitioner filed a motion for rehearing on January 10, 2011,

suggesting a rehearing *en banc*, and requesting a written opinion, which

the First DCA denied on February 7, 2011. (*Id.* at 110–23.) The First DCA

issued its mandate on February 23, 2011. (*Id.* at 125.)

On October 28, 2011, Petitioner filed a *pro se* Fla. R. Crim. P. 3.850

post-conviction motion, arguing ineffective assistance of counsel. (*Id.* at

173–77; ECF No. 23-11 at 1–16.) The trial court summarily denied

Petitioner's motion on August 20, 2012. (ECF No. 23-11 at 22–27.)

Petitioner then appealed to the First DCA. (ECF No. 23-12 at 6.) The First

---

[4] The State filed an answer brief on July 12, 2010. (ECF No. 23-10 at 42–85.)
Petitioner filed a reply brief on September 3, 2010. (*Id.* at 87–106.)

DCA *per curiam* affirmed the denial of Petitioner's 3.850 post-conviction motion without a written opinion on November 28, 2012, and the mandate issued on January 30, 2013, after Petitioner's motion for rehearing was denied. (*Id.* at 10–20.)

On October 11, 2012, Petitioner filed a *pro se* petition for writ of habeas corpus pursuant to Fla. R. App. P. 9.141(c), alleging ineffective assistance of counsel. (*Id.* at 22–31.) In his petition, Petitioner argued that "Appellant counsel was ineffective for failing to address the issue of the trial court's finding of the evidence which was inconclusive." (*Id.* at 27.) The First DCA *per curiam* denied Petitioner petition on the merits on November 13, 2012, and denied Petitioner's subsequent motion for rehearing on January 11, 2013. (*Id.* at 39–52.)

On January 31, 2013, Petitioner filed his original Petition for Writ of Habeas Corpus in this Court. (ECF No. 1.) Petitioner then filed the instant Amended Petition for Writ of Habeas Corpus on March 8, 2013. (ECF No. 12.)

## II.  Section 2254 Standard of Review

Before bringing a habeas action in federal court, a petitioner must exhaust all state court remedies that are available for challenging his

conviction, either on direct appeal or in a state post-conviction motion. 28 U.S.C. § 2254(b)(1), (c). Exhaustion requires that prisoners give the state courts a "full and fair opportunity" to resolve all federal constitutional claims by "invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). To properly exhaust a federal claim, a petitioner must "fairly present" the claim in each appropriate state court, thereby affording the state courts a meaningful opportunity to "pass upon and correct alleged violations of its prisoners' federal rights." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (quotation omitted).

When a petitioner fails to properly exhaust a federal claim in state court, and it is obvious that the unexhausted claim would now be procedurally barred under state law, the claim is procedurally defaulted. *Bailey v. Nagle*, 172 F.3d 1299, 1303 (11th Cir. 1999). Federal habeas courts are precluded from reviewing the merits of procedurally defaulted claims unless the petitioner can show either (1) cause for the failure to properly present the claim and actual prejudice from the default, or (2) that a fundamental miscarriage of justice would result if the claim were not considered. *Id*. at 1302, 1306.

Under 28 U.S.C. § 2254(d)(2), a federal court may not grant a state prisoner's application for a writ of habeas corpus based on a claim already adjudicated on the merits in state court unless that adjudication "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." Under § 2254(e)(1), the petitioner must advance clear and convincing evidence that the state court's factual determination was "objectively unreasonable" to rebut the presumption that the determination was correct. *Gill v. Mecusker*, 633 F.3d 1272, 1287 (11th Cir. 2011); *see also* § 2254(e)(1).

As to legal findings, a petitioner is entitled to federal habeas relief only if the state court's adjudication of the merits of the federal claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." § 2254(d)(1). "[C]learly established Federal law, as determined by the Supreme Court of the United States," refers only to holdings (rather than *dicta*) of the Supreme Court, but decisions of lower federal courts may be considered to the extent that they demonstrate how those courts applied Supreme Court holdings. *Hawkins v. Alabama,* 318 F.3d 1302, 1309 (11th Cir. 2003) (citations omitted) ("The

decisions of other federal circuit courts (and our decisions for that matter) are helpful to the AEDPA inquiry only to the extent that the decisions demonstrate that the Supreme Court's pre-existing, clearly established law compelled the circuit courts (and by implication would compel a state court) to decide in a definite way the case before them."). *See also Carey v. Musladin,* 549 U.S. 70, 74–77 (2006) (§ 2254 refers to holdings, rather than *dicta,* of the Supreme Court, collecting circuit cases "[r]eflecting the lack of guidance from this Court," on the issue).

The "contrary to" and "unreasonable application" clauses of § 2254(d)(1) have independent meanings. *Williams v. Taylor,* 529 U.S. 362, 404–06 (2000); *Bell v. Cone,* 535 U.S. 685, 694 (2002) (citing *Williams*, 529 U.S. 362). "Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case."

*Williams,* 529 U.S. at 412–13. "Avoiding these pitfalls [described in *Williams v. Taylor* ] does not require citation of our cases-indeed, it does not even require *awareness* of our cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer,* 537 U.S. 3, 8 (2002) (emphasis in original). Further, "whether a state court's decision was unreasonable must be assessed in light of the record the court had before it." *Holland v. Jackson,* 542 U.S. 649, 652  (2004).

In *Gill v. Mecusker*, 633 F.3d 1272 (11th Cir. 2011), the Eleventh Circuit clarified how the federal habeas court should address the "unreasonable application of law" and the "unreasonable determination of facts" tests. The court acknowledged the well-settled principle that summary affirmances, such as the Florida First District Court of Appeal's in this case, are presumed adjudicated on the merits and warrant deference. *Id*. at 1288 (citing *Harrington v. Richter*, 526 U.S. 86 (2011), and *Wright v. Sec'y for the Dep't of Corr.*, 278 F.3d 1245, 1254 (11th Cir. 2002)). "A judicial decision and a judicial opinion are not the same thing," and the Supreme Court has confirmed that determining whether the state court unreasonably applied the law or unreasonably determined the facts requires only a decision, not an opinion. *Id*. at 1291 (citing *Harrington*, 131

S.Ct. at 784). Yet, the Supreme Court has never squarely addressed whether under the "unreasonable application" test a federal habeas court "looks exclusively to the objective reasonableness of the state court's ultimate conclusion or must also consider the method by which the state court arrives at its conclusion." *Id.* at 1289 (quoting *Neal v. Puckett*, 286 F.3d 230, 244–45 (5th Cir. 2002) (summarizing the emerging circuit split)). The Eleventh Circuit concluded that district courts must apply the plain language of § 2254(d) and answer the "precise question" raised in a claim based on the state court's ultimate legal conclusion, and should not "evaluate or rely upon the correctness of the state court's process of reasoning." *Id.* at 1291. In short, the court stated, "the statutory language focuses on the result, not on the reasoning that led to the result." *Id.*

In light of *Gill,* the "unreasonable determination of facts" standard plays a limited role in habeas review because the district court considers the reasonableness of the trial court's fact finding only to the extent that the state court's ultimate conclusion relied on it. *Id*. at 1292. A federal habeas court can consider the full record before it to answer "the only question that matters[:]" whether the state court's decision was objectively unreasonable. *Gill*, 133 F.3d at 1290.

To prevail on a constitutional claim of ineffective assistance of counsel, a defendant must demonstrate (1) that his counsel's performance was below an objective and reasonable professional norm, and (2) that he was prejudiced by this inadequacy. *Strickland v. Washington*, 466 U.S. 668, 686 (1984). The court may dispose of the claim if a defendant fails to carry his burden of proof on either the performance or the prejudice prong. *Id*. at 697.

To show counsel's performance was unreasonable, a defendant must establish that "no competent counsel would have taken the action that his counsel did take." *Grayson v. Thompson*, 257 F.3d 1194, 1216 (11th Cir. 2001) (emphasis omitted). "The relevant question is not whether counsel's choices were strategic, but whether they were reasonable." *Roe v. Flores-Ortega*, 528 U.S. 470, 481 (2000). There are no "absolute rules" for determining whether counsel's actions were indeed reasonable, as "[a]bsolute rules would interfere with counsel's independence—which is also constitutionally protected—and would restrict the wide latitude counsel have in making tactical decisions." *Putnam v. Head*, 268 F.3d 1223, 1244 (11th Cir. 2001). "To uphold a lawyer's strategy, [the Court] need not attempt to divine the lawyer's mental processes underlying the strategy."

*Chandler v. United States*, 218 F.3d 1305, 1314 n.16 (11th Cir. 2000) (en

banc). "No lawyer can be expected to have considered all of the ways [to

provide effective assistance]." *Id*.

> If a defense lawyer pursued course A, it is immaterial that some
> other reasonable courses of defense (that the lawyer did not
> think of at all) existed and that the lawyer's pursuit of course A
> was not a deliberate choice between course A, course B, and
> so on.  The lawyer's strategy was course A.  And [the Court's]
> inquiry is limited to whether this strategy, that is, course A,
> might have been a reasonable one.

*Id*.

To show prejudice, a defendant must show more than simply that

counsel's unreasonable conduct might have had "some conceivable effect

on the outcome of the proceeding." *Strickland*, 466 U.S. at 693. Instead, a

defendant must show a "reasonable probability that, but for counsel's

unprofessional errors, the result of the proceeding would have been

different." *Id*. at 694. A "reasonable probability is defined as a probability

sufficient to undermine confidence in the outcome." *Id*.

When the state courts have denied an ineffective assistance of

counsel claim on the merits, the standard a petitioner must meet to obtain

federal habeas relief is a difficult one. *Harrington*, 562 U.S. at 102. The

standard is not whether an error was committed, but whether the state

court decision is contrary to or an unreasonable application of federal law
that has been clearly established by decisions of the Supreme Court. 28
U.S.C. § 2254(d)(1). As the Supreme Court explained, error alone is not
enough, because "[f]or purposes of § 2254(d)(1), an unreasonable
application of federal law is different from an incorrect application of federal
law." *Harrington*, 562 U.S. at 100 (quotation marks omitted). "[E]ven a
strong case for relief does not mean the state court's contrary conclusion
was unreasonable." *Id*. at 102.

When faced with an ineffective assistance of counsel claim that was
denied on the merits by the state courts, a federal habeas court "must
determine what arguments or theories supported or, [if none were stated],
could have supported, the state court's decision; and then it must ask
whether it is possible fairminded jurists could disagree that those
arguments or theories are inconsistent with the holding in a prior decision
of [the Supreme] Court." *Id*. So long as fairminded jurists could disagree
about whether the state court's denial of the claim was inconsistent with an
earlier Supreme Court decision, federal habeas relief must be denied. *Id*.
Stated the other way, only if "there is no possibility fairminded jurists could
disagree that the state court's decision conflicts with [the Supreme] Court's

precedents" may relief be granted. *Id*.

Even without the deference due under § 2254, the *Strickland* standard for judging the performance of counsel "is a most deferential one." *Id.* at 788. When combined with the extra layer of deference that § 2254 provides, the result is double deference and the question becomes whether "there is any reasonable argument that counsel satisfied *Strickland's* deferential standard." *Id*. Double deference is doubly difficult for a petitioner to overcome, and it will be a rare case in which an ineffective assistance of counsel claim that was denied on the merits in state court is found to merit relief in a federal habeas proceeding.

## III. Discussion

### *Ground One: Appellate counsel was not ineffective for failing to address the issue of the trial court's findings of the evidence which Petitioner alleges was inconclusive and preserved.*

Petitioner contends that his appellate counsel rendered ineffective assistance of counsel by failing to address the issue of the trial court's findings of the evidence, which was inconclusive and preserved. He argues three general subclaims under ground one. First, Petitioner claims that his appellate counsel failed to argue the standards directed by *Kasischke v. State*, 991 So. 2d 803 (Fla. 2008). And he says that there was no direct

evidence to prove that he possessed materials that were sexually stimulating and related to his offense. (ECF No. 12 at 26.)

Second, according to Petitioner, his appellate counsel failed to argue that Florida law requires written orders revoking probation to contain (1) factual findings, (2) a finding that the violation was willful and substantial, and (3) a finding that the materials he possessed were sexually stimulating and relevant to his deviant behavior pattern, and that the trial court's order lacked these requirements. (*Id.* at 33–37.)

Third, Petitioner contends that his appellate counsel failed to argue that Dr. Ruth Ann Rutledge ("Dr. Rutledge") testified as an expert for the state without a written therapist-patient waiver. Further, Petitioner says that Dr. Rutledge's testimony that Petitioner was not amenable to treatment was not alleged in the violation of probation affidavit, and that Dr. Rutledge's conclusion that the photos in Petitioner's hallway were sexually stimulating without ever viewing the photos was error. (*Id.* at 37–45.)

Thus, in summary, Petitioner contends that his appellate counsel's failure to address the trial evidence and failure to challenge the state's burden of proof, prejudiced him. (*Id.* at 4.) For purposes of this report and recommendation, the Court will address Petitioner's three subclaims under ground one separately.

### a.   *Subclaim One: Petitioner is not entitled to relief on his claim that appellate counsel failed to argue the standards directed by Kasischke v. State, 991 So. 2d 803 (Fla. 2008), and there was no direct evidence to prove that he possessed materials that were sexually stimulating and related to his offense.*

Petitioner's argument asserted in subclaim one mirrors his argument asserted in his state habeas petition pursuant to Fla. R. App. P. 9.141(c). Like Petitioner asserts here, he also asserted in his state habeas petition that his appellate counsel "was ineffective for failing to address the issue of the trial court's finding of the evidence which was inconclusive." (ECF No. 23-12 at 27.) Similar to the arguments he asserts in subclaim one here, he also asserted in his state habeas petition that "none of the evidence conclusively suggested that anyone depicted in the pictures were victims," that "the trial court erred by sentencing the defendant based on inconclusive evidence," and that "appellant counsel clearly stands ineffective for not addressing the evidence and the nature of the photographs to show none of the following photographs were pictures of previous victims or young males posing suggestively." (*Id.* at 28.) The First DCA *per curiam* denied Petitioner's state court petition alleging ineffective assistance of counsel on the merits. (*Id.* at 39.)

Claims of ineffective assistance of appellate counsel are properly

asserted in a state habeas petition. *Ballard v. McNeil*, 785 F. Supp. 2d

1299, 1317–18 (N.D. Fla. 2011).[5]  Where the state courts have denied an

ineffective assistance of counsel claim on the merits, the standard a

petitioner must meet to obtain federal habeas relief is a difficult one.

*Harrington*, 562 U.S. at 102. The standard is not whether an error was

committed, but whether the state court decision is contrary to or an

unreasonable application of federal law that has been clearly established

by decisions of the Supreme Court. § 2254(d)(1).

Although the First DCA denied Petitioner's state court petition on the

merits without a written opinion, the state court's determination is still

entitled to deference for purposes of federal habeas review. *See Wright v.*

*Sec'y for the Dep't of Corrections*, 278 F.3d 1245, 1255 (11th Cir. 2002),

*cert denied*, 538 U.S. 906 (2003) (for a state court's resolution of a claim to

be adjudicated on the merits all that is required is a rejection of the claim

on the merits, not an opinion that explains the state court's rationale for the

ruling). Accordingly, the state court's determination as to the argument also

asserted in subclaim one is entitled to deference and the Court must

determine whether the state court decision is contrary to or an

---

[5] Thus, Petitioner's claim asserted in Subclaim One is not procedurally defaulted.

unreasonable application of federal law that has been clearly established by decisions of the Supreme Court.

The *Strickland* standard is the proper standard for evaluating a claim of ineffective assistance of appellate counsel. *Smith v. Robbins*, 528 U.S. 259, 285 (2000). Under *Strickland*, to prevail on a constitutional claim of ineffective assistance of counsel, Petitioner must demonstrate (1) that his counsel's performance was below an objective and reasonable professional norm, and (2) that he was prejudiced by this inadequacy. 466 U.S. at 686. When, as here, a *Strickland* claim is evaluated under the § 2254(d)(1) standard, the standard of review is "doubly deferential." *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009).

The fundamental problem with Petitioner's argument that his appellate counsel failed to raise the issues presented in subclaim one of ground one is that the appellate brief filed by his counsel indeed raised these issues.  Petitioner contends that his appellate counsel failed to argue the standards directed by *Kasischke* and failed to argue that there was no direct evidence that he possessed materials that were sexually stimulating and related to his offense. (ECF No. 12 at 26.)  The record refutes this claim.  Under issue three of his  appellate brief Petitioner's appellate counsel argued: "Mr. Chamblin did not violate his probation terms because

the materials seized from his home were: not obscene, pornographic or relevantly sexually stimulating to his offense. The trial court abused its discretion by misapplying the statute." (ECF No. 23-9 at 115.) Moreover, Petitioner's appellate counsel clearly argued the standards directed by *Kasischke* under issue three. *See id.* at 116–21. In short, Petitioner's argument is contradicted by the record.

"When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Harrington*, 562 U.S. at 105. Considering Petitioner's appellate counsel argued exactly what Petitioner says he should have done, Petitioner cannot demonstrate that his appellate counsel's performance was below an objective and reasonable professional norm under prong one of the *Strickland* test. And Petitioner cannot demonstrate prejudice under prong two of the *Strickland* test. *Cf. Jones v. Barnes*, 463 U.S. 745, 754 (1983) ("For judges to second-guess reasonable professional judgments and impose on appointed counsel a duty to raise every 'colorable' claim suggested by a client would disserve the very goal of vigorous and effective advocacy that underlies *Anders*. Nothing in the Constitution or our interpretation of that document requires such a standard.").

Accordingly, the Court has little difficulty concluding that Petitioner has failed to demonstrate that he is entitled to relief as to subclaim one.

> **b.    Subclaim Two: Petitioner is not entitled to relief on his claim that appellate counsel failed to argue that Florida law requires written orders revoking probation to contain: (1) factual findings; (2) a finding that the violation was willful and substantial; and (3) a finding that the materials he possessed were sexually stimulating and relevant to his deviant behavior pattern, and the trial court's order lacked these requirements.**

At the outset, based on the record, Petitioner did not raise the issues in subclaim two in his state habeas petition. Although Respondent does expressly argue that subclaim two is procedurally defaulted, Respondent states that it "asserts and specifically declines to waive any and all defenses and procedural bars." (ECF No. 23 at 1.) Thus, because Respondent has not  waived any and all procedural bars, the Court may consider whether procedural default applies in this case. *See Esslinger v. Davis*, 44 F.3d 1515, 1527–28 (11th Cir. 1995) (when the state waives a habeas petitioner's procedural default in failing to obtain appellate review of a claim, the district court should assume the waiver is justified and not *sua sponte* invoke the procedural default to bar relief).

The issues raised in subclaim two are procedurally defaulted because Petitioner cannot now bring these claims in another state habeas

petition. Pursuant to Fla. R. App. P. 9.141(c)(5)(C), "[t]he court may dismiss a second or successive petition if it does not allege new grounds and the prior determination was on the merits, or if a failure to assert the grounds was an abuse of procedure." Further, "[s]uccessive habeas corpus petitions seeking the same relief are not permitted nor can new claims be raised in a second petition when the circumstances upon which they are based where known or should have been known at the time the prior petition was filed." *Johnson v. Singletary*, 647 So. 2d 106, 109 (Fla. 1994).

The claims Petitioner asserts in subclaim two are additional arguments supporting his contention that his appellate counsel was ineffective, separate from the reasons raised in subclaim one and raised in his initial state habeas petition. Considering a second state habeas petition asserting these claims of ineffective assistance of appellate counsel would be based upon circumstances that were known or should have been known at the time Petitioner filed his original state habeas petition,[6] a state

---

[6] Although Petitioner may argue that he did not know that he could raise these specific ineffective assistance of appellate counsel at the time he asserted those previously addressed in subclaim one in his original state habeas petition, the circumstances regarding his appellate counsel had not changed after filing his state habeas petition. Thus, any and all ineffective assistance of appellate counsel claims should have been asserted in his original state habeas petition. *See Johnson*, 647 So. 2d at 109 (noting that petitioner's counsel's failure to address one issue regarding the same case had not been raised in the prior habeas petition, and therefore, could not be raised in a successive habeas petition); *Phillips v. State*, 894 So. 2d 28, 42 (Fla. 2004) ("Here, the fact that appellate counsel on Phillips's first direct appeal did not raise the

court would not permit a successive habeas petition. A habeas petition is procedurally defaulted if it has not been exhausted in state court and would now be barred under state procedural rules. *Mize v. Hall*, 532 F.3d 1184, 1190 (11th Cir. 2008) (citing *Judd v. Haley*, 250 F.3d 1308, 1313 (11th Cir. 2001)).  As to the issues asserted in subclaim two, these claims are procedurally defaulted because they would be barred under Florida state procedural rules from being asserted in a successive habeas petition.

Nonetheless, a federal court may still address a procedurally defaulted claim if the petitioner shows both cause and prejudice. *Murray v. Carrier*, 477 U.S. 478, 485 (1986). "In extraordinary cases, a federal habeas court may grant the writ without a showing of cause and prejudice to correct a fundamental miscarriage of justice." *Hill v. Jones*, 81 F.3d 1015, 1023 (11th Cir. 1996). Thus, as to subclaim two, Petitioner must either show cause for the default and actual prejudice resulting from such, or there must be a fundamental miscarriage of justice in Petitioner's case.

"'[C]ause' under the cause and prejudice test must be something external to the petitioner, something that cannot fairly be attributed to him . . . ." *Coleman v. Thompson*, 501 U.S. 722, 753 (1991). Examples of

---

denial of the motion for judgment of acquittal is an issue that he could and should have known at the time he filed his first habeas petition. Thus, the claim is procedurally barred.").

"cause" include a showing that the factual or legal basis for a claim was not reasonably available to counsel, and that some interference by officials made compliance impracticable. *Id.* Here, nothing suggests that Petitioner's failure to assert the claims presented in Subclaim Two in his state habeas petition was due to an external reason that cannot fairly be attributed to him. Likewise, there is no suggestion that there was a factual or legal basis for these claims that was not reasonably available to Petitioner when he filed his state habeas petition, nor does anything suggest that there was interference by officials that prevented him from asserting these claims in his state habeas petition.

Similarly, although Petitioner filed his state habeas petition *pro se* without the assistance of counsel, such lack of counsel would not constitute cause to excuse his default because a petitioner has no constitutional right to counsel to pursue an appeal in state habeas proceedings. *See Coleman*, 501 U.S. at 757 ("Because Coleman had no right to counsel to pursue his appeal in state habeas, any attorney error that led to the default of Coleman's claims in state court cannot constitute cause to excuse the default in federal habeas."). Moreover, Petitioner's ignorance of the law or inadvertence is not sufficient cause for failing to assert these claims in his state habeas petition. *See id.* ("Attorney

ignorance or inadvertence is not 'cause' because the attorney is the petitioner's agent when acting, or failing to act, in furtherance of the litigation, and the petition must 'bear the risk of attorney error.'").  In sum, the requisite cause does not exist in this case to excuse Petitioner's failure to assert the issues in subclaim two in his state habeas petition.

Likewise, there are no facts alleged demonstrating that Petitioner was prejudiced or that there is a sufficient fundamental miscarriage of justice to avoid a procedural bar as to the issues raised in subclaim two. Petitioner cannot show actual prejudice because the complaints regarding his appellate counsel raised in subclaim two are directly contradicted by the record. Specifically, the record evidences that Petitioner's appellate counsel did assert these arguments on direct appeal.

Petitioner's appellate counsel argued on direct appeal that Florida law requires written orders revoking probation to contain certain factual findings. Petitioner's appellate brief clearly argued this point under issue one of the appellate brief. Petitioner's counsel argued: "Florida law requires that a trial court's written order revoking probation must contain factual findings for the purpose of this court's review. The order revoking Mr. Chamblin's probation is totally devoid of facts. Hence, that order cannot sustain Mr. Chamblin's continued incarceration." (ECF No. 23-9 at 105.)

Further, Petitioner's appellate counsel argued as part of his argument under issue one in the appellate brief in Petitioner's direct appeal that "[t]he written Order was wholly incomplete, did not speak to crucial, material requirements of a revocation: relevancy of the evidence to the underlying offense, materiality, willfulness, specificity of the accusations and that exact nature of evidence which proves the allegation not another, uncharged violation." (*Id.* at 106.)

Thus, because these arguments were asserted by Petitioner's appellate counsel on direct appeal Petitioner cannot show actual prejudice or a fundamental miscarriage of justice to excuse the procedural bar as to the claims raised in subclaim two.[7]

**c.    *Subclaim Three: Petitioner is not entitled to relief on his claim that appellate counsel failed to argue that Dr. Rutledge testified as an expert for the state without a written therapist-patient waiver, that Dr. Rutledge's testimony that Petitioner was not amenable to treatment was not alleged in the violation of probation affidavit, and that Dr. Rutledge's conclusion that the***

---

[7]   Even if Petitioner had asserted the issues in subclaim two in his state habeas petition, such that they were not procedurally barred from federal habeas relief, under the *Strickland* standard for evaluating a claim of ineffective assistance of appellate counsel, Petitioner would still not be entitled to federal habeas relief. *See Smith*, 528 U.S. at 285 (the *Strickland* standard is the proper standard for evaluating a claim of ineffective assistance of appellate counsel). As discussed with respect to the issues asserted in subclaim one, considering Petitioner's appellate counsel did indeed assert these arguments on direct appeal, Petitioner cannot demonstrate that his counsel's performance was below an objective and reasonable professional norm under prong one of the *Strickland* test, or that he was prejudiced by such under prong two of the *Strickland* test.

**photos in Petitioner's hallway were sexually stimulating without ever viewing the photos was error.**

Like the issues asserted in subclaim two, Petitioner also failed to assert the issues in subclaim three in his state habeas petition. Considering a second state habeas petition asserting these claims regarding ineffective assistance of appellate counsel would also be based upon circumstances that were known or should have been known at the time Petitioner filed his original state habeas petition, a state court would also not permit a successive habeas petition for Petitioner to assert the claims he asserts here in subclaim three. Therefore, the issues in subclaim three also are procedurally defaulted.

Furthermore, for the same reasons discussed in subclaim two, Petitioner cannot show cause, actual prejudice, or a fundamental miscarriage of justice to avoid the procedural default. Petitioner's appellate counsel did indeed argue on direct appeal that Dr. Rutledge testified as an expert witness for the state without a written therapist-patient waiver. (ECF No. 23-9 at 108.) Further, Petitioner's appellate counsel also argued under issue two of his appellate brief that the "Psychoterapist'[s] testimony regarding Mr. Chamblin's treatment was not alleged in the Violation of Probation Affidavit; therefore, the trial court erred in considering her

testimony." (*Id.* at 112.)  And not surprisingly, Petitioner's appellate counsel also argued that Dr. Rutledge's conclusion that the hallway photos were sexually stimulating without ever viewing them was error. (*Id.* at 114.) Thus, Petitioner cannot meet the requisite standard to avoid the procedural default as to subclaim three.[8]  Accordingly, none of the arguments raised in ground one warrant federal habeas relief.[9]

---

[8] As discussed above in regards to subclaim two, even if Petitioner had asserted the issues in subclaim three in his state habeas petition, such that they were not procedurally barred from federal habeas relief, under the *Strickland* standard for evaluating a claim of ineffective assistance of appellate counsel, Petitioner would still not be entitled to federal habeas relief. Because Petitioner's appellate counsel did indeed assert these arguments on direct appeal, Petitioner cannot demonstrate that his counsel's performance was below an objective and reasonable professional norm under prong one of the *Strickland* test, or that he was prejudiced by such under prong two of the *Strickland* test.

[9] In his reply brief, Petitioner argues that Respondent failed to address five allegations asserted in ground one and that he is therefore entitled to federal habeas relief. (ECF No. 32 at 2–3.) Specifically, Petitioner argues: (1) his due process rights were violated because his probation officer never informed him of what materials were in violation of the sexual offender statute; (2) the State failed to meet its burden of proof against Petitioner; (3) the trial court impermissibly suggested that Petitioner had some responsibility for the suicide of a child in violation of Petitioner's right to due process under the Fourteenth Amendment; (4) the prosecution relied upon evidence such as photographs, a driver's license, wallet, and photo to prove that Petitioner had sexually stimulating material relevant to his offense; and (5) the only admitted evidence was circumstantial evidence that did not overcome the reasonable hypothesis that the photos were of older people. (ECF No. 32 at 1–2.) Considering Petitioner raises these complaints under ground one of his Petition, which generally asserts ineffective assistance of appellate counsel, the Court will construe these arguments as also arguments in support of his ineffective assistance of appellate counsel claims. Petitioner failed to assert these arguments in his state habeas petition and therefore these arguments also would be procedurally barred because another state habeas petition asserting circumstances that were known or should have been known at the time of his initial state habeas petition would be an impermissible successive petition. Thus, they would be procedurally defaulted in his federal habeas petition and Petitioner would have to show cause or actual prejudice for the default. Petitioner offers no

**Ground Two: Trial counsel was not constitutionally ineffective for failing to file a motion for arrest of judgment based upon the argument that the verdict was against the weight of the evidence.**

Petitioner's second claim is that his trial counsel rendered ineffective assistance by failing to move for arrest of judgment because the verdict was against the weight of the evidence. (*Id.* at 46–48.) Petitioner contends that the State failed to include any relevant evidence to support the violation of probation in the amended violation of probation affidavit. (*Id.* at 46.) Thus, according to Petitioner, the trial court lessened the burden on the State to prove the violation and had his trial counsel filed a motion for an arrest of judgment, the outcome in his case would have been different. (*Id.* at 47.)

Petitioner did not raise this issue in his state court post-conviction motion before asserting it in his federal habeas action.[10] Before a prisoner may bring a habeas action in federal court, he must exhaust all state court

---

suggestion as to how he establishes or provides the Court with any basis for a finding of cause or actual prejudice as to the failure to assert these issues in his state habeas petition. Moreover, a review of Petitioner's direct appellate brief discloses that his appellate counsel did indeed argue that Petitioner's probation officer never informed him of what materials were in violation of the sexual offender statute. *See* ECF No. 23-9 at 131–32. Additionally, although not word for word, Petitioner's appellate counsel argued throughout the appellate brief that the evidence was generally insufficient for Petitioner's conviction. *See id.* at 105–32. Petitioner certainly cannot establish actual prejudice where his appellate counsel did exactly what he contends he should have done.

[10] Nor did Petitioner assert it on direct appeal to the First DCA.

remedies that are available for challenging his conviction, either on direct appeal or in a state post-conviction motion. *See* § 2254(b), (c). To properly exhaust a claim, "the petitioner must afford the State a full and fair opportunity to address and resolve the claim on the merits." *Kelley v. Sec'y for Dep't of Corrections*, 377 F.3d 1317, 1345 (11th Cir. 2004) (quoting *Keeney v. Tamayo-Reyes*, 504 U.S. 1, 10 (1992)). The presentation of the claim to state courts must allow the court the "opportunity to apply controlling legal principles to the facts bearing upon (his) constitutional claim." *Id.* (quoting *Picard v. Connor*, 404 U.S. 270, 277 (1971) (alteration in original)). "It is not sufficient merely that the federal habeas petitioner has been through the state courts . . . nor is it sufficient that all the facts necessary to support the claim were before the state courts or that a somewhat similar state-law claim was made." *McNair v. Campbell*, 416 F.3d 1291, 1302 (11th Cir. 2005). Although a verbatim restatement of the claims brought in state court is not necessary, a petitioner must present his claims to the state court "such that a reasonable reader would understand each claim's particular legal basis and specific factual foundation." *Id.* Moreover, "when a petitioner has failed to present a claim to the state courts and under state procedural rules the claim has become procedurally defaulted, the claim will be considered procedurally defaulted in federal

court." *Collier v. Jones*, 910 F.2d 770, 772 (11th Cir. 1990). "An unexhausted claim is not procedurally defaulted unless it is evident that any future attempts at exhaustion would be futile due to the existence of a state procedural bar." *Gore v. Crews*, 720 F.3d 811, 816 (11th Cir. 2013). In Florida, a claim is procedurally barred from being raised on collateral review if it could have been, but was not raised on direct appeal. *Spencer v. Sec'y, Dep't of Corrections*, 609 F.3d 1170, 1179 (11th Cir. 2010).

Here, Petitioner never raised the issue of failure to move for arrest of judgment in any of his state court proceedings, and instead he asserts it for the first time in his federal habeas petition. Therefore, Petitioner failed to exhaust this claim in state court. Considering Petitioner could have raised the issue on direct appeal but did not, his claim is also procedurally barred from being raised on collateral review in state court unless Petitioner can show cause and prejudice for the default. *See Gray v. Netherland*, 518 U.S. 152, 161–62 (1996) (a claim that is procedurally barred in state court because it was never properly raised there is also procedurally barred in federal court unless the petitioner can show cause and prejudice for the default).

Petitioner relies on *Martinez v. Ryan*, 132 S. Ct. 1309 (2012), as a basis for avoiding the procedural default. Under *Martinez*, a state prisoner

may obtain federal habeas review of a procedurally defaulted claim by showing cause for the default and prejudice from a violation of federal law. *Id.* at 1316.  *Martinez*, however, announced a "narrow exception" that applies only to situations in which "[i]nadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." *Id.* at 1315. The narrow exception announced in *Martinez* does not apply here because Petitioner's claim in this case asserts ineffective assistance by his trial counsel in failing to file a motion for an arrest of judgment after trial, not a claim based upon ineffective assistance of counsel at an initial-review collateral proceeding.

Nonetheless, Petitioner has also failed to show cause and prejudice for his failure to raise the issue concerning his counsel's failure to file a motion for arrest of judgment pursuant to *Gray*, 518 U.S. at 161–62. Petitioner offers no argument in his memorandum of law as to how there is cause and prejudice regarding the failure to raise the issue, nor does he address the issue in his reply brief.

This is not a case in which his claim "is so novel that its legal basis is not reasonably available to counsel." *See Reed v. Ross*, 468 U.S. 1, 16 (1984) (establishing cause for a procedural default). Additionally, although

ineffective assistance of counsel may be sufficient to establish cause to excuse a procedural default, the exhaustion doctrine generally requires that such a claim be presented to the state court as an independent claim before it may be used to establish cause for a procedural default. *Murray*, 477 U.S. at 489. Considering Petitioner never asserted an independent claim of ineffective assistance of trial counsel for failing to file a motion for arrest of judgment in state court, there no cause for Petitioner's procedural default here.

Regarding the prejudice prong, Petitioner also has failed to show prejudice to excuse his procedural default. Prejudice requires a showing that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694.   Petitioner cannot establish prejudice here because even if Petitioner's trial counsel had filed a motion for arrest of judgment, there is little question the motion would have been denied.

Pursuant to Fla. R. Crim. P. 3.610, the court shall grant a motion for arrest of judgment only on one or more of the following grounds:

(a)    The indictment or information on which the defendant

was tried is so defective that it will not support a judgment
of conviction.

(b)    The court is without jurisdiction of the cause.

(c)    The verdict is so uncertain that it does not appear
therefrom that the jurors intended to convict the
defendant of an offense of which the defendant could be
convicted under the indictment or information under
which the defendant was tried.

(d)    The defendant was convicted of an offense for which the
defendant could not be convicted under the indictment or
information under which the defendant was tried.

Petitioner contends that his trial counsel was ineffective in failing to
file a motion for arrest of judgment on the grounds that the conviction was
against the weight of the evidence. (ECF No. 12 at 6.) Specifically,
Petitioner argues that his trial counsel should have filed a motion for arrest
of judgment because the state did not provide any direct evidence that
Petitioner violated his probation. (*Id.* at 46–47.) As Respondent correctly
points out, this is not a ground upon which the trial court could even grant a
motion for arrest of judgment pursuant to Fla. R. Crim. P. 3.610.[11] Thus,
even had Petitioner's trial counsel moved for arrest of judgment, the trial
court would have denied the motion. Therefore, because the result of the
proceeding would not have been different there can be no prejudice to
excuse the procedural default.  Accordingly, Petitioner is not entitled to

---

[11] Petitioner expressly declined to respond to Respondent's Answer regarding
Ground Two, and therefore, offers no argument as to how he establishes cause or
prejudice.

federal habeas relief as to ground two.

### Ground Three: The prosecutor did not engage in prosecutorial misconduct.

Petitioner's third claim for relief is that the prosecutor engaged in misconduct by making an improper comment during Petitioner's hearing as to Petitioner's credibility. (ECF No. 12 at 49.) Petitioner claims that the prosecutor improperly took on the dual role of prosecutor and witness when commenting on Petitioner's lack of credibility. (*Id.*)

Petitioner did not properly exhaust the issue of prosecutorial misconduct before asserting it in his federal habeas action. As discussed in regards to ground two, before a prisoner may bring a habeas action in federal court, he must exhaust all state court remedies that are available for challenging his conviction, either on direct appeal or in a state post-conviction motion. *See* § 2254(b), (c). Petitioner never raised the issue of prosecutorial misconduct in his direct appeal, his post-conviction motion, or his state habeas petition. Instead, Petitioner has asserted his prosecutorial misconduct claim for the first time here. Accordingly, Petitioner's prosecutorial misconduct claim is procedurally defaulted and foreclosed from federal review absent a showing of cause and prejudice or a fundamental miscarriage of justice.

Petitioner again relies on *Martinez*, 132 S. Ct. 1309, as a basis for his argument that the Court can excuse the procedural default. Under *Martinez*, a state prisoner may obtain federal habeas review of a procedurally defaulted claim by showing cause for the default and prejudice from a violation of federal law. *Id.* at 1316. *Martinez*, however, announced a "narrow exception" that applies only to situations in which "[i]nadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." *Id.* at 1315.

In this case, Petitioner does not allege ineffective assistance of counsel with respect to his claim in ground three that the prosecutor engaged in prosecutorial misconduct. Thus, *Martinez*'s narrow exception, does not apply here because there is no claim of inadequate assistance of counsel at the initial collateral review proceedings.

Petitioner did not respond in his reply to Respondent's argument regarding the necessity of showing cause and prejudice as to ground three.  Petitioner has the burden of showing cause or demonstrating actual prejudice. *Alexander v. Dugger*, 841 F.2d 371, 374 (11th Cir. 1988). Considering Petitioner offers no argument as to how he meets this burden, his claim is procedurally defaulted. Accordingly, Petitioner is not entitled to

federal habeas relief under ground three.

**Ground Four: Petitioner is not entitled to relief on his claim that the cumulative effect of defense counsel's errors deprived Petitioner of his state and constitutional due process, effective assistance of counsel, and fair trial rights.**

Petitioner's final claim for relief is that the cumulative effect of defense counsel's errors deprived him of his due process right, his right to effective assistance of counsel, and his right to a fair trial. (ECF No. 12 at 6.) Petitioner asserts that although the errors in grounds one through three are each sufficient to warrant relief, the errors should also be considered cumulatively under *Stoll v. State*, 762 So. 2d 870 (Fla. 2000). According to Petitioner, cumulatively trial counsel's errors unfairly tipped the scales of justice and resulted in prejudice. (*Id.* at 51.)

The Supreme Court has not expressly recognized the cumulative error doctrine in regards to ineffective assistance of counsel claims. As the Eleventh Circuit noted, "the Supreme Court has held, in the context of an ineffective assistance of counsel claim, that 'there is generally no basis for finding a Sixth Amendment violation unless the accused can show how specific errors of counsel undermined the reliability of the finding of guilt.'" *Forrest v. Fla. Dep't of Corrections*, 342 F. App'x 560, 564–65 (11th Cir. 2009) (quoting *United States v. Cronic*, 466 U.S. 648, 659 n.26 (1984)).

Similarly, although the Eleventh Circuit has observed that the cumulative effect of several errors that are harmless by themselves could so prejudice the defendant's right to a fair trial, the Eleventh Circuit has also never expressly recognized a freestanding cumulative effect claim. *See Ballard*, 785 F. Supp. at 1336 (citing *Conklin v. Schofield*, 366 F.3d 1191, 1210 (11th Cir. 2004); *Sims v. Singletary*, 155 F.3d 1297 (11th Cir. 1998); *Cargill v. Turpin*, 120 F.3d 1366, 1386 (11th Cir. 1997); *Dobbs v. Kemp*, 790 F.2d 1499, 1505 (11th Cir. 1986); *Brostein v. Wainwright*, 646 F.2d 1048, 1056 (5th Cir. 1981)).  Under a cumulative-error analysis the Court should evaluate only the effect of matters determined to be error, not matters the Court determined to be non-errors. *United States v. Barshov*, 733 F.2d 842, 852 (11th Cir. 1984); *United States v. Rivera*, 900 F.2d 1462, 1471 (10th Cir. 1990).

As discussed above Petitioner's claim under ground one, subclaim one has no merit because his appellate counsel did exactly what Petitioner contends his appellate counsel should have done. Similarly, Petitioner has failed to establish actual prejudice regarding the claims in ground one, subclaim two and subclaim three. Petitioner's claim under ground two also has no merit because the error Petitioner contends his trial counsel committed was not a valid basis for filing a motion for arrest of judgment

under Florida law. Further, Petitioner has failed to establish actual prejudice for the errors he raises in ground three. Accordingly, because none of the individual claims have any merit Petitioner's claim of cumulative error in ground four also fails.[12] Petitioner is not entitled to federal habeas relief on this claim.

## Certificate of Appealability

Section 2254 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2254 Cases.

---

[12] Petitioner also argues in his memorandum regarding ground four that defense counsel raised issues on appeal that were not properly preserved, and that she should have filed an *Anders* brief under *Anders v. California*, 386 U.S. 738 (1967), pointing out anything in the record that might arguably support the assertion of not properly preserved issues on appeal. (ECF No. 12 at 51–52.) This argument has nothing to do with Petitioner's claim of cumulative error in ground four and more appropriately relates to his claim of ineffective assistance of appellate counsel in ground one.  To the extent that Plaintiff had raised the argument under ground one the claim, nonetheless, would be procedurally defaulted. Like the claims asserted in subclaim two and subclaim three, Petitioner did not present this argument in his state habeas petition and he would be barred from asserting it in a successive state habeas petition. Thus, like subclaim two and subclaim three, this issue would be procedurally defaulted and the burden would be on Petitioner to demonstrate cause or actual prejudice, which he has failed to do.

The undersigned finds no substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000). Therefore, the undersigned recommends that the district court deny a certificate of appealability in its final order.

Rule 11(a) also provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Thus, if there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully **RECOMMENDED:**

1. The First Amended Petition Under 28 U.S.C. § 2254 For Writ of Habeas Corpus By A Person in State Custody,  ECF No. 12, should be **DENIED**.

2. A certificate of appealability should be **DENIED.**

**IN CHAMBERS**  this 3rd  day of December, 2015.

*s/Gary R. Jones*

GARY R. JONES
United States Magistrate Judge

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  Any different**

<u>deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.